91D01-2108-CT-000021

White Superior Court

Filed: 8/13/2021 5:15 PM
Clerk
White County, Indiana

| | | |
|---|---|---|
| **STATE OF INDIANA** ) | | IN THE WHITE SUPERIOR COURT |
| ) SS: | | |
| **COUNTY OF WHITE** ) | | SITTING IN _____, INDIANA |

GAIL LEWIS-HICKS,                )
    Plaintiff,                          )
                                                )
vs.                                            )     CAUSE NO: 91D01-2108-CT-000021
                                                )
EVEREST NATIONAL INSURANCE   )
COMPANY, APEX PARKS GROUP,  )
LLC, and UNKNOWN OPERATOR,  )
    Defendants.                     )

## COMPLAINT FOR PERSONAL INJURY AND JURY DEMAND

GAIL LEWIS-HICKS, (hereinafter "Gail") by CUSTY LAW FIRM, LLC, for her Complaint against the Defendants, EVEREST NATIONAL INSURANCE COMPANY (hereinafter, "Everest"), APEX PARKS GROUP, LLC (hereinafter "Apex"), and UNKNOWN OPERATOR (hereinafter "Operator") alleges and states:

1. At all times relevant, Gail was a resident and citizen of Lake County, Indiana.

2. Everest is a corporation organized under the laws of the State of Delaware and doing business in Indiana. Everest is properly served at 100 Everest Way, Warren, New Jersey, 07059.

3. Apex is a limited liability company organized under the laws of the State of California and doing business in Indiana. Apex is properly served at 27061 Aliso Creek Road, Suite 100, Aliso Viejo, California 92656.

1

4. Operator is an unknown individual and believed Indiana resident acting as the ride operator for the Sky Ride at Indiana Beach on August 17, 2019. At all times relevant, Operator was an employee or agent of Apex, subject to its control and direction, and acting within the scope of such employment or agency.

5. Apex owned, operated, managed, maintained, and controlled Indiana Beach which was open to the public for amusement and recreational purposes. As part of its business, Apex invited and encouraged the public to visit Indiana Beach to ride its rides for profit.

6. At all times relevant, Apex had the authority to implement policies to detect hazardous conditions or activities on the Premises, and through its agents and employees, had the duty to either correct or warn others of hazardous conditions or activities.

7. On August 17, 2019, Gail was an invitee of Indiana Beach in Monticello, Indiana.

8. Apex, through its agents and employees, permitted Gail to enter Indiana Beach and did not object to her entering and remaining there on August 17, 2019.

9. As Gail was attempting to board the Sky Ride at Indiana Beach, Operator improperly shoved the bench seat and cage for the ride under her in a forceful manner.

10. As a result, Gail was thrown forward and injured herself severely. Her injuries were compounded when the bench seat and cage proceeded forward as the ride progressed automatically, running over Gail and dragging over her.

11. Gail was first treated by the Indiana Beach's emergency first aid office, then went to the emergency department at Methodist Southlake Hospital.

12. Gail was initially treated for lower spine pain, sudden onset incontinence, right knee pain, right elbow abrasion and pain, and right wrist pain and abrasion. Gail also lost feeling in certain areas, foreshadowing neurological impacts from the trauma.

13. Gail had a CT scan just weeks prior to her traumatic injury from the Indiana Beach ride. A follow-up CT scan in September, the month following her injury, revealed that Gail had developed a brain aneurysm.

## COUNT I

*Breach of Contract / Claim for Insurance Benefits - Everest*

14. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 13 of this Complaint as if each were fully set forth herein in their entirety.

15. Apex was self-insured to $500,000 and carried surplus or excess insurance through Everest above that limit.

16. Apex filed for bankruptcy in Delaware since Gail's injuries at issue were suffered.

17. Plaintiff received leave from the Delaware bankruptcy court to pursue this action for insurance proceeds provided by Everest or any other insurer of Apex.

18. Demand has been made upon Everest to compensate Gail for injuries suffered.

19. Everest has thus far failed to pay insurance proceeds commensurate with Gail's reasonable demands pursuant to the insurance contract.

20. Gail, as an invitee of Indiana Beach, was an insured of Everest.

21. As a direct and proximate result of the dangerous and negligent acts or omissions by Apex, Operator and other Apex agents and employees, Gail was severely injured in a variety of ways compensable under Indiana Law.

22. Therefore, Everest has a contractual duty to fairly compensate Gail for the damages sustained up to the applicable insurance policy limit.

23. Gail's damages reasonably exceed the $500,000 self-insured limit for Apex Parks Group, LLC and would require contribution for any additional harm from Everest.

24. Therefore, Everest has a contractual duty to fairly compensate Gail for the damages she has sustained up to the applicable insurance policy limit.

25. Everest breached this contract by failing to properly compensate Gail and by failing to uphold the duty of good faith and fair dealing imposed on Everest by the formation of an insurance contract.

WHEREFORE, Plaintiff, GAIL LEWIS-HICKS, seeks the entry of judgment in her favor and against Defendant, EVEREST NATIONAL INSURANCE COMPANY for compensatory damages in an amount to be determined herein, prejudgment interest, for the cost of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

## COUNT II

*Negligence - Operator*

26. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 25 of this Complaint as if each were fully set forth herein in their entirety.

27. On or about August 17, 2019, Operator owed Gail and others a duty to behave reasonably and avoid causing harm to others.

28. On August 17, 2019, contrary to the duty of reasonable care owed, Operator was negligent in one or more of the following ways, *inter alia*:

   a. Shoved the bench seat and cage for the Sky Ride under Gail;

   b. Improperly attempted to load Gail into the Sky Ride; and/or

   c. Behaved otherwise differently than a reasonably prudent person would have under the same or similar circumstances.

29. As a direct and proximate result of Operator's negligence, Gail was thrown forward and injured herself.

30. As a direct and proximate result of the foregoing and the conduct of Operator, Gail was physically injured, suffered a traumatic brain injury, spine injury, emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GAIL LEWIS-HICKS, seeks the entry of judgment in her favor and against Defendant, UNKNOWN OPERATOR, for compensatory damages in an amount to be determined herein, prejudgment interest, for the cost of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

## COUNT III

*Respondeat Superior - Apex*

31. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 30 of this Complaint as if each were fully set forth herein in their entirety.

32. At all times material, Unknown Operator was acting within the course and scope of his employment or agency with Defendant Apex and was furthering the business interests of Apex.

33. Defendant Apex is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of its agents, employees, members, representatives, servants or contractors pursuant to applicable law. These acts and omissions include, but are not limited to, the acts and omissions committed by Operator on August 17, 2019, which are described above and were committed within the course and scope of his agency or employment with Apex.

34. As a direct and proximate result of the foregoing and the conduct of Operator, Gail was physically injured, suffered a traumatic brain injury, spine injury, emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GAIL LEWIS-HICKS, seeks the entry of judgment in her favor and against Defendant, APEX PARKS GROUP, LLC, for compensatory damages in an amount to be determined herein, prejudgment interest, for the cost of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

## COUNT IV

### *Negligence - Apex*

35. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 34 of this Complaint as if each were fully set forth herein in their entirety.

36. On or about August 17, 2019, Apex owed Gail and others a duty as an owner or occupier or manager of Indiana Beach to exercise ordinary care to see that the park was reasonably safe for the use of those lawfully at Indiana Beach.

37. Contrary to the duty of care owed, Apex failed to discovery or remedy the manner in which Operator was loading invitees onto the Sky Ride.

38. Additionally, as an employer or principal, Defendant Apex is also independently negligent in the hiring, qualifying, training, entrusting, supervising, and retaining Defendant Operator in connection with his operation of the Sky Ride and for otherwise failing to act as a reasonable and prudent employer would under the same or similar circumstances.

39. As an employer, Defendant MGM had certain duties and responsibilities as defined by Indiana law and industry standards including the duty to properly qualify Defendant Operator, the duty to properly train Defendant Operator and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of the Sky Ride in connection with its business for profit.

40. Defendant Apex was independently negligent in failing to meet its duties and responsibilities.

41. Apex was also negligent in the maintenance and/or design of the Sky Ride, or in the adoption of policies and procedures for loading passengers into the Sky Ride.

42. As a direct and proximate result of the foregoing, Gail was physically injured, suffered a traumatic brain injury, spine injury, emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, GAIL LEWIS-HICKS, seeks the entry of judgment in her favor and against Defendants, APEX PARKS GROUP, LLC, for compensatory damages in an amount to be determined herein, prejudgment interest, for the cost of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

Respectfully submitted,

/s/ Scott Seville_____
Scott Seville (IN 36075-45)
Brian Custy (IN 26329-64)
CUSTY LAW FIRM, LLC
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
scott@custylaw.com

## JURY DEMAND

Comes now the Plaintiff Gail Lewis-Hicks, by CUSTY LAW FIRM, LLC, who respectfully demands trial by jury.

Respectfully submitted,

/s/ Scott Seville_____
Scott Seville (IN 36075-45)
Brian Custy (IN 26329-64)
CUSTY LAW FIRM, LLC
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
scott@custylaw.com