UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GAIL LEWIS-HICKS,<br>      Plaintiff, | )<br>)<br>) |
| v. | )    CAUSE NO.: 2:21-CV-334-JEM |
| EVEREST NATIONAL INSURANCE<br>COMPANY and APEX PARKS<br>GROUP, LLC,<br>      Defendants. | )<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Everest National Insurance's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) (sic) [DE 7], filed November 30, 2021. Everest seeks dismissal of the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**I.    Background**

On August 13, 2021, Plaintiff filed the Complaint in state court for injuries incurred on a ride at Indiana Beach owned and operated by Defendant Apex. Plaintiff alleges that Apex carried surplus insurance through Everest for amounts above its self-insured amount of $500,000, and submitted a demand to Everest for compensation, claiming that Everest had an obligation to compensate her for her injuries and breached that obligation when it failed to pay insurance proceeds to Plaintiff.

On October 26, 2021, the matter was removed to this Court. Everest filed the instant motion to dismiss on November 30, 2021. Plaintiff filed a response on December 20, 2021, and on January 7, 20212, Everest filed a reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he

complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

### III. Analysis

Everest argues that Plaintiff's claims against it must fail because Plaintiff is barred from pursuing a claim directly against the insurer for the actions of an insured. *Donald v. Liberty Mut. Ins. Co.*, 18 F.3d 474, 480 (7th Cir. 1994) ("'Indiana has held that a tort action on a contract theory by an injured third party directly against the liability carrier is inappropriate.' Ordinarily, an injured person must sue either the tortfeasor in tort, or perhaps his own insurance company in contract, in order to recover for his losses. He cannot sue the tortfeasor's insurance company directly.") (quoting *Cromer v. Sefton*, 471 N.E.2d 700, 703 (Ind.Ct.App.1984)).

Plaintiff argues that, rather than bringing a direct action as Everest argues, she is bringing a contract claim as a third-party beneficiary of the insurance contract between Everest and Apex. She asserts that she would be covered under Apex's self-insurance policy and therefore is covered under the policy of Everest as the surplus insurer. "[A] third-party beneficiary may sue the insurer directly to enforce the contract between the insurer and the insured," but "'[t]o be enforceable, it must clearly appear that it was the purpose or a purpose of the contract to impose an obligation on one of the contracting parties in favor of the third party.'" *Cain v. Griffin*, 849 N.E.2d 507, 514

3

(Ind. 2006) (quoting *OEC–Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1315 (Ind.1996)). In reply, Everest argues that the claim is insufficient because the Complaint does not allege a specific insurance policy provision that would confer third-party beneficiary status on her. Everest argues that the insurance policy it issued to Apex excludes medical payments coverage and includes no other coverage to which Plaintiff would be a third-party beneficiary.

Although Everest's assessment of the relevant contracts may be correct, the argument is waived at this stage because it was made for the first time in the reply brief and Plaintiff has not had the opportunity to specifically address the medical payments exclusion. *See Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004) (finding argument waived when made for the first time in reply brief). The parties will be given the opportunity to begin discovery so they will be able to present fully-briefed arguments, with documentation. Everest is reminded that it need not wait until the close of discovery to file a motion for summary judgment. Fed. R. Civ. P. 56(b).

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **DENIES** Defendant Everest National Insurance's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) (sic) [DE 7].

SO ORDERED this 24th day of March, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record